

**SIGNED this 10 day of June, 2009.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Kevin Lynn Rhoades** | ) | **No. 09-10209** |
| **Rebecca Lynn Rhoades** | ) | **Chapter 13** |
| | ) | |
| **Debtors** | ) | |
| _____ | ) | |
| | ) | |
| **Kevin Lynn Rhoades** | ) | |
| **Rebecca Lynn Rhoades** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | **Adv. No. 09-1012** |
| | ) | |
| **The Cash Store, Inc.** | ) | |
| | ) | |
| **Defendant** | ) | |

**M E M O R A N D U M**

This adversary proceeding is before the court on cross motions for summary judgment filed

by the plaintiff debtors, Kevin and Rebecca Rhoades, and the defendant, The Cash Store, Inc., a title

-1-

pawnbroker.The debtors initiated this proceeding against the defendant, contending that the defendant violated the automatic stay by refusing to return to them an automobile that the defendant had seized prepetition. The debtors demand that the defendant be required to return the vehicle and pay actual damages, punitive damages, and attorney's fees.

The material facts in this proceeding are undisputed. The parties entered into a pawn contract in Georgia pursuant to which the debtors pawned their vehicle by surrendering its title certificate. Thereafter, they defaulted on the contract. The defendant waited until the statutory grace period had run, then took possession of the vehicle in question, a 1997 Chevrolet S-10 pickup truck. The defendant later sent the debtors a letter stating: "As a courtesy, we will hold the above vehicle till Friday, January 16; you must pay in full by that date to recover the vehicle." The full amount due under the pawn contract was $937.50, but instead of paying this sum the debtors filed a chapter 13 bankruptcy petition and then filed the complaint initiating this adversary proceeding. All the parties are Georgia residents, the subject vehicle was registered in Georgia, and the pawn transaction occurred in Georgia.

The law of Georgia applies to determine property rights in this bankruptcy proceeding. *Butner v. United States*, 440 U.S. 48, 55-56 (1979). The Georgia law applicable to this proceeding is Section 44-14-403 of the Georgia Code Annotated, which provides in pertinent part:

> (a) A pawnbroker shall have a lien on the pledged goods pawned for the money advanced, interest, and pawnshop charge owed but not for other debts due to him. He may retain possession of the pledged goods until his lien is satisfied and may have a right of action against anyone interfering therewith.
>
> (b)    (1) There shall be a grace period on all pawn transactions. On pawn transactions involving motor vehicles or motor vehicle certificates of title, the

grace period shall be 30 calendar days; on all other pawn transactions the grace period shall be ten calendar days. In the event that the last day of the grace period falls on a day in which the pawnbroker is not open for business, the grace period shall be extended through the first day following upon which the pawnbroker is open for business. The pawnbroker shall not sell the pledged goods during the grace period.

(2) By agreement of the parties, the maturity date of the pawn transaction may be extended or continued for 30 day periods, provided that the interest rates and charges as specified in Code Section 44-12-131 are not exceeded. The grace period shall begin running on the first day following the maturity date of the pawn transaction or on the first day following the expiration of any extension or continuation of the pawn transaction, whichever occurs later. All extensions or continuations of the pawn transaction shall be evidenced in writing.

(3) Pledged goods may be redeemed by the pledgor or seller within the grace period by the payment of any unpaid accrued fees and charges, the repayment of the principal, and the payment of an additional interest charge not to exceed 12.5 percent of the principal. *Pledged goods not redeemed within the grace period shall be automatically forfeited to the pawnbroker by operation of this Code section, and any ownership interest of the pledgor or seller shall automatically be extinguished as regards the pledged item.*

Ga. Code Ann. § 44-14-403 (emphasis added). The effect of this statute, among other things, was to extinguish the debtors' ownership interest in the pickup truck and convey the ownership interest to the defendant. The 30-day grace period mentioned in the statute expired on December 9, 2008, so at that time the truck was "automatically forfeited" and the debtors' ownership interest was "automatically . . . extinguished" by operation of the statute. Shortly thereafter, the defendant took possession of the truck itself, and at that point it had both legal title to and physical possession of the truck. The debtors had no remaining interest in the vehicle – no legal interest and no equitable interest.

The question in this case is what to make of the letter sent by the defendant to the debtors offering to allow them to "recover" the vehicle upon payment of the full amount due under the pawn

contract by January 16, 2009. The debtors argue that the letter constituted a waiver and that the defendant is now estopped to deny that it extended the pawn contract until January 16, 2009. The debtors filed their chapter 13 bankruptcy petition two days before that date and now insist that they had some kind of interest in the vehicle which came into the estate upon the filing of their petition.

The court, however, does not agree that the debtors had any interest in the vehicle at the time they filed their bankruptcy petition. Rather, the applicable Georgia statute had, by operation of law and automatically, foreclosed all the debtors' ownership interest in the vehicle. Moreover, prior to sending the letter and prior to the bankruptcy filing, the defendant had taken exclusive possession of the vehicle, thus uniting both possession and legal title in the vehicle. At that point, there were no rights under the pawn contract remaining in the debtors, and the defendant had good title to the vehicle. There was simply nothing left to be extended. Of course, the parties were free at that point to enter into another agreement, and in the court's view that is what the defendant offered to do. In its letter to the debtors, the defendant offered to make a unilateral contract to sell the vehicle back to the debtors.

In a unilateral contract, the offeror (in this case, the defendant) offers a promise in exchange – not for another promise – but for a certain specified action. The action required of the debtors was to pay $ 937.50 on or before January 16, 2009. Since an offer to make a unilateral contract can only be accepted by action, and not by a return promise, the debtors could not accept this offer by promising to pay $937.50 through a chapter 13 plan. According to the Restatement (Second) of Contracts, § 30, "[a]n offer may invite or require acceptance to be made . . . by performing . . . a specified act." Comment a to this section states:

> The offeror is the master of his offer. See Comment a to § 29. The form of acceptance is less likely to affect the substance of the bargain than the identity of the offeree and is often quite immaterial. But the offeror is entitled to insist on a particular mode of manifestation of assent. The terms of the offer may limit acceptance to a particular mode; whether it does so is a matter of interpretation.

The authors of the Restatement provide the following Illustration No. 1:

> A sends a letter to B stating the terms of a proposed contract. At the end he writes, "You can accept this offer only by signing on the dotted line below my signature.'"
> A replies by telegram "I accept your offer." There is no contract.

Georgia law follows this rule. *Atkinson v. Cook*, 518 S.E.2d 413, 414 (Ga. 1999). In the case at bar, the debtors could accept the unilateral contract offered by the defendant only by paying $ 937.50 on or before January 16, 2009. They did not do so, and thus they furnished no consideration for a contract and no contract was formed. Consequently, at the time the debtors filed their bankruptcy petition, the vehicle was not property of the debtors or of the estate and so the defendant's retention and sale of the pickup truck did not violate the automatic stay. 11 U.S.C. § 362(a)(3)-(5).

For the foregoing reasons the court will grant the defendant's motion for summary judgment, deny the plaintiffs' motion for summary judgment, and dismiss this adversary proceeding. An appropriate order will enter.

###